**O**
**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| KANAKAVALLI THENAMBETAI, | ) | Case No. CV 11-10211-ODW (VBKx) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Order **GRANTING** Defendants' |
| | ) | Motion to Dismiss [8] |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC. et | ) | |
| al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendants' motion to dismiss [8] under Fed. R. Civ. P. 12(b)(1) argues the Court lacks subject-matter jurisdiction because both Plaintiff and Defendant Deutsche Bank National Trust Co. are citizens of California.  Plaintiff concedes this point in its non-opposition.  Instead, Plaintiff requests the Court to dismiss Deutsche Bank, and to continue the suit against Mortgage Electronic Registration Systems, Inc. ("MERS").

Under Fed R. Civ. P. 21, the court may add or drop a nondiverse party to preserve federal diversity jurisdiction over a case.  But, the court must evaluate, in equity and good

1

conscience, whether that nondiverse party must remain in the case.[1]  Fed. R. Civ. P. 19(b).  If that nondiverse party is found to be merely necessary, then the action should proceed in the party's absence.  *See* Fed. R. Civ. P. 19(b); *see also EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070, 1083; *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999).  If that nondiverse party is found to be indispensable, the court should dismiss the case.  *Id.*

Under Rule 19(b), four factors govern the court's determination of necessary versus indispensable: 1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; 2) the extent to which any prejudice could be lessened or avoided by shaping the judgment or the relief; 3) whether a judgment rendered in the person's absence would be adequate; and, 4) whether the plaintiff would have an adequate remedy if the action were dismissed.  Fed. R. Civ. P. 19(b); *EEOC*, 610 F.3d at 1083.

It is not disputed that Deutsche Bank is both the beneficiary under the subject Deed of Trust and the current owner of the property by virtue of a Trustee's Deed Upon Sale.  For at least these two reasons, and regardless whether Plaintiff believes Deutsche Bank is the rightful owner, Deutsche's interest is central to this dispute.  For instance, Plaintiff challenges the foreclosure proceedings undertaken by Deutsche Bank and requests the Court to void the foreclosure of the property.  In addition, she seeks injunctive relief staying all eviction proceedings.  She also requests the Court to quiet title on the subject property.

For these causes of action, any judgment rendered without Deutsche Bank's presence would be inadequate and prejudicial to Deutsche Bank.  Also, the Court cannot conceive of any remedy that would lessen the prejudice against Deutsche Bank in its

---

[1]  Under the facts in this case, analysis under Rule 19(b) and skipping of Rule 19(a) is proper. Rule 19(a) deals with parties whose "joinder will not deprive the court of subject-matter jurisdiction." Deutsche Bank is a nondiverse party, whose presence destroys complete diversity.  Thus, consideration of Deutsche Bank's presence in the case must proceed under the "not feasible" framework set forth in Rule 19(b).

absence.  Plaintiff's grievances can be, and should be, addressed in state court.  This litigation cannot proceed—Deutsche Bank is an indispensable party and cannot be singularly dismissed.

Therefore, the Court **GRANTS** Defendants' motion and **DISMISSES** this case **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The February 13, 2012 hearing is **VACATED**.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

February 2, 2012

HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE